**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amerifresh Incorporated, | No. CV-19-01331-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| So Ono Food Products LLC, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Enter Default Judgment (Doc. 19). Plaintiff requests the Court enter default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure as to four of the six Defendants.

## I.    Background

This case arises from Defendants' failure to pay outstanding invoices totaling $23,265.00 related to a series of transactions in which Plaintiff sold and shipped perishable food to the Defendants over a two-month period. (Doc. 1 ¶16). Plaintiff Amerifresh, Inc. is a Delaware corporation with its principal place of business in Scottsdale, Arizona ("Plaintiff" or "Amerifresh").

Plaintiff filed its original Complaint (Doc. 1) on February 26, 2019 against So Ono Food Products LLC, ("So Ono Food"); Mibo Fresh Foods LLC, ("Mibo Foods"); Fresh Foods Hawaii Inc. ("Fresh Foods") (collectively as "Corporate Defendants"); Uzor U. Nwoko, an officer, director, shareholder, member, manager or insider of So Ono Food, Mibo Foods, and Fresh Foods ("Mr. Nwoko"); Paul A. Janiak, an officer, director,

shareholder or insider of Mibo Foods ("Mr. Janiak"); and Richard C. Wheeler, an officer, director, shareholder or insider of So Ono Food ("Mr. Wheeler") (Mr. Nwoko, Janiak, and Wheeler collectively as "Individual Defendants").

Plaintiff asserts that Defendants violated the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §499a, because Defendants did not pay for the produce delivered to them. Plaintiff seeks enforcement of the trust provisions under PACA (Doc. 1 at 5-7) and alleges breach of contract against the Corporate Defendants (Doc. 1 at 4-5); unjust enrichment against all Defendants (Doc. 1 at 7-8); conversion against all Defendants (Doc. 1 at 8); and breach of fiduciary duty against Mr. Nwoko, Janiak and Wheeler. (Doc. 1 at 8-9).

Despite being properly served with the Complaint, court summons, and all other related court pleadings, no Defendant has responded or otherwise appeared. Plaintiff filed an application for entry of default pursuant to Fed. R. Civ. P. 55(a). The Clerk entered default as to Defendants So Ono Food, Mibo Foods, Mr. Janiak, and Mr. Nwoko ("Defaulting Defendants")[1] on April 18, 2019 under Fed. R. Civ. P. 55(a)(1). (Doc. 18).

Plaintiff now moves the Court to enter default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against the Defaulting Defendants for the following amounts: (1) the sum certain in the cumulative amount of $23,265.00 for produce sold and delivered to Defendants which was not paid for (Doc. 19-1 ¶10); (2) pre-judgment finance charges per a written agreement with Defendants in the amount of $2,403.18 calculated at the rate of 1.5% per month (or 18% per annum) on unpaid principal sums from the date on which each payment obligation first became due through April 25, 2019 (*Id.* ¶17); (3) attorneys' fees and costs totaling $11,757.50 (Doc. 19-1 ¶14); and (4) Post-judgment interest at the rate of 18% per annum.

## II. Motion for Default Judgment Legal Standard

Federal Rule of Civil Procedure 55(a) outlines two stages in a default proceeding –

---

[1] Amerifresh has apparently been unable to serve Defendants Fresh Foods and Wheeler. (Doc. 21 ¶7). The Court will not address default judgement as it pertains to Defendants Fresh Foods and Wheeler.

entry of default and entry of default judgment. Entry of default by the clerk of the court is a prerequisite to judgment being entered by the court. Rule 55(a) mandates entry of default by the clerk "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Further, the clerk may enter default "if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" on the plaintiff's request with an "affidavit showing the amount and costs against a defendant who has defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Once default is entered, the "well-pleaded factual allegations in the complaint are taken as true, except for those relating to the amount of damages." *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013).

## III. Analysis

Defendants have failed to file a timely response to any court pleading and have failed to "otherwise defend" themselves against the allegations. They have taken no affirmative step, nor has any Defendant signaled to the Court or to Plaintiffs that it intends to defend the case. In addition, each Defendant has received proper notice. Further, the record indicates a sum certain can be readily ascertained from the invoices sent to Defendants and affidavits provided by Amerifresh and there is no need to further compute damages. There is also no reason to believe that any of the Individual Defendants are minors or incompetent persons.

Though default judgments are generally disfavored, a court may enter judgment if the factors articulated in the Ninth Circuit case *Eitel v. McCool* weigh in favor of entering judgment. 782 F.2d 1470, 1472 (9th Cir. 1986). Those factors include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*. at 1471–72.

### A. First, Fourth, Sixth, and Seventh Factors Favor Default Judgment

The *Eitel* factors favor judgment in this case. The first, fourth, sixth, and seventh *Eitel* factors favor entering default judgment. The first *Eitel* factor considers whether Amerifresh will suffer prejudice and go without other recourse of recovery if default judgment is not entered. *HTS,* 954 F. Supp. 2d at 940. The Corporate and Individual Defendants have failed to appear or defend themselves against the allegations. Without granting Plaintiff's Motion for Default Judgment, there is no doubt that Amerifresh will suffer prejudice and go without any recourse for recovery for services rendered. This factor weighs in favor of entering judgment.

The fourth *Eitel* factor balances the amount of money at stake with the seriousness of the defendants' conduct. *Id*. at 941. Here, Amerifresh seeks to recover the unpaid amount for produce it delivered to Defendants, plus a pre- and post-judgment finance charge, its attorney's fees and court fees. Amerifresh also seeks enforcement of PACA, specifically the trust provisions. Considering the seriousness of the allegations, the amount requested is not excessive and would put Amerifresh back in the position it would have been without the violations by Defendants. Further, the amounts are based on the terms of the written agreement between the parties. This factor weighs in favor of entering judgment.

The sixth *Eitel* factor considers whether default was a result of excusable neglect. *Eitel*, 782 F.2d at 1472. Excusable neglect is unlikely because defaulting Defendants were properly served with a Summons and Complaint. The record reflects that all Defendants have been served by mail, at their place of business, with all documents related to this pending litigation. (Docs. 11, 12, 13, 14). No Defendant has appeared or responded to any court pleadings, and therefore they waived the opportunity to argue excusable neglect. This factor weighs in favor of entering default judgment.

Under the seventh *Eitel* factor, a court must also consider the policy considerations of the rule that, "whenever possible, cases should be tried on the merits." *Id*. The preference for resolving cases on the merits, however, is not absolute. *PepsiCo, Inc. v.*

*California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Moreover, when a defendant fails to "answer [the] Complaint, [a] decision on the merits [is] impractical, if not impossible." *Id*. Here, Defendants have failed to respond and a decision on the merits is impossible. This factor weighs in favor of entering judgment.

**B.     Second and Third Factors Favor Default Judgment**

The second and third *Eitel* factors consider the merits of the plaintiff's claims and the sufficiency of the complaint. *Eitel* at 1471. Moreover, if a district court has serious reservations about the merits of Plaintiff's substantive claim based upon the pleadings, the court can refuse entry of judgment. *Id*. at 1472.

Here, Plaintiff contends that Defendants violated various provisions of PACA. To prevail on its PACA claim under 7 U.S.C. §499a, Amerifresh must prove the following: (1) the commodities sold constitute "perishable agricultural commodities" as provided in 7 U.S.C. §499a(b)(4); (2) the purchaser of the perishable agricultural commodities was a commission merchant,[2] dealer[3] or broker[4] as provided in 7 U.S.C. §499a(b)(5)-(7); (3) the

---

[2]  The term "commission merchant" means any person (including partnerships, corporations, and associations) engaged in the business of receiving in interstate or foreign commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another.

[3] The term "dealer" means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, except that (A) no producer shall be considered as a "dealer" in respect to sales of any such commodity of his own raising; (B) no person buying any such commodity solely for sale at retail shall be considered as a "dealer" until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000; and (C) no person buying any commodity other than potatoes for canning and/or processing within the State where grown shall be considered a "dealer" whether or not the canned or processed product is to be shipped in interstate or foreign commerce, unless such product is frozen or packed in ice, or consists of cherries in brine, within the meaning of paragraph (4) of this section. Any person not considered as a "dealer" under clauses (A), (B), and (C) may elect to secure a license under the provisions of section 499c of this title, and in such case and while the license is in effect such person shall be considered as a "dealer."

[4] The term "broker" means any person engaged in the business of negotiating sales and purchases of any perishable agricultural commodity in interstate or foreign commerce for or on behalf of the vendor or the purchaser, respectively, except that no person shall be deemed to be a "broker" if such person is an independent agent negotiating sales for and on behalf of the vendor and if the only sales of such commodities negotiated by such person are sales of frozen fruits and vegetables having an invoice value not in excess of $230,000 in any calendar year.

transactions occurred in contemplation of interstate or foreign commerce; (4) the buyer "fail[ed] or refuse[d] [to] truly and correctly … account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had" as provided in 7 U.S.C. § 499b(4); (5) the seller has not received full payment on the transaction (*Id*.); and (6) the seller preserved its trust rights by including statutory language referencing the trust on their invoices. 7 U.S.C. § 499e(c)(2) and (3).

The term perishable agricultural commodity means "fresh fruits and fresh vegetables of every kind and character. *Id*. at § 499a(4)(A). The commodities here – the carrots, kale, spinach and different types of lettuce – are fresh vegetables as defined in the statute (Doc. 19-2 at 10-16) and therefore fall into the category of perishable agricultural commodities. The Defaulting Defendants in this case likely qualify under any one of the definitions of a commission merchant, dealer or broker. The record establishes that Amerifresh "[E]ngaged in the business of buying or selling in wholesale or jobbing quantities" to both the Individual and Corporate Defendants. Further, the Corporate Defendants Mibo Foods and So Ono Foods held valid PACA licenses during all relevant times. (Doc. 19-1 at 3). Plaintiff sold and shipped their commodities from Arizona to Defendants' businesses in Texas and Hawaii. Thus, there is no doubt that the transactions occurred in contemplation of interstate commerce. As to (4) and (5), specifically whether Amerifresh has received full payment, the buyers in the instant case are the Individual and Corporate Defendants. Taking the facts as true, the record establishes that Defendants failed to make full payment promptly for the commodities shipped to them by Amerifresh. There is enough in the record to support Amerifresh's claim that the Defendants have yet to pay the full amount of the transaction.

There is also sufficient documentation in the record to support Amerifresh's claim that as the seller of the commodities, it preserved its trust rights by including the requisite statutory trust language on the invoices provided to Defendants when it sold and shipped the items. Amerifresh has provided copies of invoices and supporting affidavits to show that it did print the statutory language on the invoices (Doc. 19-2 at 10-16) to Defendants

and thus, taking the facts as true, have preserved its trust rights under PACA. Taking the allegations as true, Amerifresh has sufficiently pled that it sent perishable commodities to the Defaulting Defendants, and the Defaulting Defendants have not paid the full amount owed to Amerifresh in violation of PACA. These factors support entering default judgment in this case.

### C. Fifth Factor Weighs Neither for or Against Judgment

The fifth factor considers the likelihood of a dispute to the material facts of the case. *Eitel*, 782 F.2d at 1471-72. But where a party fails to respond, that party does not have an opportunity to dispute the material facts of the case. *HTS,* 954 F. Supp. at 941. The court therefore cannot adequately weigh this factor and it weighs neither for or against entry of judgment. *Id*. Here, because Defendants have not responded, they have not disputed any material facts of the case. Thus, this factor is neutral.

### IV. Conclusion

The Defaulting Defendants were properly served in this case but have failed to appear, plead, or otherwise defend themselves in this action. Further, the Clerk of the Court has entered default. Six of the seven *Eitel* factors weigh in favor of entering default judgement. Having filed a proper motion in accordance with Federal Rule of Civil Procedure 55 (a) and (b), the Court must enter default judgement in favor of Amerifresh, Inc. against the Defaulting Defendants. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgement (Doc. 19) in the cumulative amount of $23,265.00 as to Defendants So Ono Food, Mibo Foods, Mr. Janiak, and Mr. Nwoko is **GRANTED.** However, judgment pursuant to Fed.R.Civ.Pro. 54 will not be entered at this time, because two Defendants remain in this action.

…

…

…

…

…

**IT IS FURTHER ORDERED** that Plaintiff shall submit a status report to the Court no later than August 9, 2019, regarding Defendants Fresh Foods Hawaii Inc. and Mr. Wheeler. Alternatively, Plaintiff is free to voluntarily dismiss those Defendants by that date.

Dated this 2nd day of August, 2019.

Honorable Diane J. Humetewa
United States District Judge